[Cite as *J.M. v. D.H.*, 2016-Ohio-8387.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| J.M. | | C.A. No. 15CA010891 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| D.H. | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 15 CV 187659 |

DECISION AND JOURNAL ENTRY

Dated: December 27, 2016

HENSAL, Judge.

{¶1} Respondent-Appellant, D.H., appeals from a judgment of the Lorain County Court of Common Pleas, granting a civil stalking protection order in favor of Petitioner-Appellee, J.M., and her three minor children. For the following reasons, we reverse.

I.

{¶2} This appeal involves a familial dispute that culminated in the issuance of a civil stalking protection order. J.M. is D.H.'s former daughter-in-law and the mother of D.H.'s two grandchildren.[1] During J.M.'s divorce from D.H's son, D.H. invited J.M. and her children to live with her. Although they shared a close relationship for some time, their relationship eventually grew strained and J.M. moved out of D.H.'s home.

{¶3} According to J.M., a number of events led to the filing of a civil stalking protection order against D.H. First, in December 2014, D.H. sent an e-mail to several family

---

[1] J.M. has a third child from a different relationship.

members, including J.M., indicating that she did not approve of J.M.'s new boyfriend, and alleging that J.M. neglected and abused her children. J.M. testified that the e-mail was not threatening, but that she found it to be rude. D.H. admitted that she did not approve of J.M.'s new boyfriend, but denied that she ever alleged that J.M. neglected or abused her children. The e-mail was not presented as evidence at the CSPO hearing.

{¶4} Next, D.H. attended two school events (an open house and an awards ceremony) for J.M.'s children, which D.H. was not invited to attend. With respect to the open house, J.M. testified that D.H. overstepped her boundaries by attending an event for parents, and by proceeding to introduce herself to her grandchildren's teachers before J.M. and her children had an opportunity to do so. Regarding the awards ceremony, J.M. testified that her son noticed D.H. sitting in the back and asked if he could go say hello, which J.M. allowed. J.M.'s son returned upset, indicating that his grandmother had told him that she was sitting alone because nobody liked her. J.M. testified that she felt it was inappropriate for D.H. to discuss adult matters with her children.

{¶5} Next, and the "last straw" according to J.M., D.H. told her son (J.M.'s ex-husband) that she had thought about killing her own husband (whom she was in the midst of divorcing), killing J.M., and then killing herself. During the same conversation, D.H. told her son that she had talked herself out of it, and later told him that she would never do such a thing. J.M. subsequently learned of D.H.'s comment and petitioned the court for a civil stalking protection order. At the CSPO hearing, D.H. dismissed the comment as "flippant" and one that she never intended for J.M. to find out about. J.M. testified that she was concerned with the ease in which D.H. made the comment, but offered no testimony to indicate that she felt physically threatened by D.H.

**{¶6}** After hearing testimony from J.M., J.M's ex-husband, and D.H., the magistrate issued a civil stalking protection order in favor of J.M. and her three children set to expire on November 9, 2017. D.H. has appealed, raising seven assignments of error for our review. For ease of consideration, we will address D.H.'s first and second assignments of error together.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING A CIVIL PROTECTION ORDER AGAINST THE RESPONDENT PROTECTING THE PETITIONER AS THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE STALKING PROTECTION ORDER.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING A CIVIL PROTECTION ORDER AGAINST THE RESPONDENT PROTECTING THE MINOR CHILDREN AS THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE STALKING PROTECTION ORDER AND THE FINDING OF FACTS SPECIFIED BY THE COURT.

**{¶7}** In her first two assignments of error, D.H. argues that J.M. did not present sufficient evidence to warrant the issuance of a civil stalking protection order in favor of J.M. and her children. Consequently, we must determine whether, viewing the evidence in the light most favorable to J.M., a reasonable trier of fact could find that J.M. demonstrated by a preponderance of the evidence that a civil stalking protection order should issue. *Bowman v. Bowman*, 9th Dist. Medina No. 13CA0064-M, 2014-Ohio-2851, ¶ 9.

**{¶8}** "In order for a civil stalking protection order to issue, the trial court must find that the petitioner has shown by a preponderance of the evidence the respondent committed an act against the petitioner that would constitute menacing by stalking." *A.S. v. P.F.*, 9th Dist. Lorain No. 13CA010379, 2013-Ohio-4857, ¶ 6. Revised Code Section 2903.211(A)(1) governs menacing by stalking and provides that "[n]o person by engaging in a pattern of conduct shall

knowingly cause another person to believe that the offender will cause physical harm to the other person or a family * * * member of the other person or cause mental distress to the other person or a family * * * member of the other person."

{¶9} At the CSPO hearing, J.M. presented no evidence to indicate that D.H. had caused – or that she believed D.H. would cause – her physical harm or mental distress. At most, the testimony indicated that J.M. was concerned that D.H. involved her children in "adult conversations" (e.g., telling her grandson that no one liked her) and overstepped her boundaries (e.g., attending school functions without being invited). While J.M. did testify that she was concerned with the ease in which D.H. commented that she had thought about killing her soon-to-be ex-husband, J.M., and then herself, J.M. did not indicate that she took D.H.'s comment as a serious threat or that it caused her mental distress. Although D.H.'s comment is not to be condoned, D.H. testified that she was simply venting to her son and that she never intended to act on it, or for J.M. to find out about it.

{¶10} Further, J.M. presented no evidence to indicate that D.H. had caused – or that she believed D.H. would cause – her children physical harm or mental distress. Indeed, she testified that her children and D.H. love each other and that she does not think it is healthy for her kids to be away from their grandmother. Additionally, J.M.'s ex-husband testified that D.H. (his mother) never physically or mentally harmed his children. Notably, no evidence was presented with respect to J.M.'s child from another relationship.

{¶11} In light of the foregoing, we hold that the evidence, when viewed in the light most favorable to J.M., is insufficient for a rational trier of fact to find that J.M. demonstrated by a preponderance of the evidence that a civil protection order should issue. *Bowman*, 9th Dist.

Medina No. 13CA0064-M, 2014-Ohio-2851, at ¶ 9. Accordingly, D.H.'s first and second assignments of error are sustained.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING A CIVIL PROTECTION ORDER AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS TO PETITIONER [J.M.].

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING A CIVIL PROTECTION ORDER AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN IT INCLUDED AS PROTECTED PERSONS THE MINOR CHILDREN OF PETITIONER [J.M.].

## ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING A CIVIL PROTECTION ORDER BASED ON FINDINGS OF FACT THAT ARE NOT IN EVIDENCE.

## ASSIGNMENT OF ERROR VI

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING A CIVIL PROTECTION ORDER THAT IS CONTRARY TO THE LAW.

## ASSIGNMENT OF ERROR VII

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING THE RES[P]ONDENT'S MOTION FOR DISMISSAL BASED ON OHIO CIVIL RULE 41(B)(2).

{¶12} In light of our disposition of D.H.'s first and second assignments of error, the remaining assignments of error are rendered moot and are overruled on that basis. App.R. 12(A)(1)(c).

III.

{¶13} D.H.'s first and second assignments of error are sustained. D.H.'s third, fourth, fifth, sixth, and seventh assignments of error are overruled as moot. The judgment of the Lorain County Court of Common Pleas is reversed.

Judgment reversed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

JOAN JACOBS THOMAS, Attorney at Law, for Appellant.

J. M., pro se, Appellee.